## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM A. SMITH,<br><br>    Defendant. | Case No. 25-mc-50559<br>Hon. Susan K. DeClercq<br><br>Criminal No. 24-cr-20532 |

### THIRD-PARTY PETITION ASSERTING
### INTEREST IN FORFEITED PROPERTY

Third-Party Petitioners, Select Portfolio Servicing, Inc. ("SPS") and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust ("Trustee"), through their attorneys, Dykema Gossett PLLC, file this petition asserting an interest in property forfeited in this case pursuant to 21 U.S.C. § 853(n) (the "Petition"). In support, SPS and Trustee state as follows:

1. The subject of this Petition is the real estate and certain improvements located thereon, all situated in the City of Cypress, Harris County, Texas, commonly known as 11914 Deepwater Ridge Way, Cypress, TX 77433 (the "Real Estate"), and as more particularly described as:

1

> Lot 54, in Block 1, of TOWNE LAKE, SEC. 61, an addition in Harris County, Texas, according to the map or plat thereof recorded under Film Code No. 693604, of the Map Records of Harris County, Texas.

2. On April 7, 2025, this Court entered a Stipulated Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1) ordering the forfeiture of the Real Estate to the United States of America (the "Forfeiture Order").

3. SPS and Trustee submit this petition for the purpose of obtaining a declaration (and a hearing, if necessary) from this Court that Trustee and SPS (on behalf of Trustee) have a valid first lien on the Real Estate.

## ESTABLISHMENT OF LIEN INTEREST

4. On or about May 13, 2024, William Smith, executed a $279,000.00 note (the "Note") in favor of United Wholesale Mortgage, LLC ("Lender"), secured by a Deed of Trust (the "DOT") encumbering the Real Estate (the Note and DOT are referred to collectively as the "Mortgage Loan"). The DOT was recorded on May 23, 2024 as file number RP-2024-187533 in the Harris County Clerk's Office in the State of Texas. See **Ex. A** – DOT.

5. The DOT and Note thereafter transferred to Trustee and an Assignment of DOT from Mortgage Electronic Registration Systems, Inc., as nominee for

Lender, to Trustee was recorded on January 30, 2025 as file number RP-2025-33574 in the Harris County Clerk's Office in the State of Texas. *See* **Ex. B** – Corporate Assignment of DOT.

6. Trustee is the owner of the Mortgage Loan, which is serviced by SPS for and on Trustee's behalf, and Trustee is the owner of the beneficial interest in the Note and DOT secured by the Real Estate.

7. Accordingly, Trustee and SPS (on behalf of Trustee) claim an interest in the Real Estate pursuant to the DOT and Note.

8. Trustee's interest in the Real Estate and SPS's interest in the Real Estate (on behalf of Trustee) are first in priority.

9. The amount due on the Note through November 30, 2025 is $301,683.18. Interest and fees continue to accrue as allowed under the loan documents.

10. Trustee and SPS (on behalf of Trustee) further reserve all rights and defenses related to Trustee's and SPS's interest (on behalf of Trustee), including that Trustee's and SPS's legal right, title, and interest in the Real Estate was vested in Trustee and SPS (on behalf of Trustee) rather than Defendant William Smith, that Trustee's and SPS's legal right, title, and interest in the Real Estate was superior to any right, title, or interest of Defendant William Smith at the time of the commission of the acts which gave rise to the forfeiture of the Real Estate, and that Trustee and SPS (on behalf of Trustee) are bona fide

purchasers for value of the right, title, and interest in the Real Estate and at the time of purchase Trustee and SPS were reasonably without cause to believe that the Real Estate was subject to forfeiture.

## RELIEF REQUESTED

WHEREFORE, Third-party Petitioners, Trustee and SPS (on behalf of Trustee), pray that this Court enter an Order declaring that Trustee's and SPS's third-party interest in the Real Estate is valid and not extinguished by the forfeiture proceedings, and any sale proceeds of the Real Estate should be distributed first to SPS on behalf of SPS to satisfy Trustee's lien.  In the alternative, Trustee and SPS request a hearing to adjudicate the validity of the interest in the Real Estate.

Date: December 8, 2025                                     Respectfully submitted,

                                                        **DYKEMA GOSSETT PLLC**

                                                        By: */s/ Dawn N. Williams*
                                                            Dawn N. Williams (P72399)
                                                            201 Townsend Street, Suite 900
                                                           Lansing, MI 48933
                                                           (616) 776-7518
                                                           dwilliams@dykema.com

                                                           *Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust and Select Portfolio Servicing, Inc.*

## **V E R I F I C A T I O N**

I, Patrick Pittman, have reviewed the foregoing THIRD-PARTY PETITION ASSERTING INTEREST IN FORFEITED PROPERTY and know its contents.

I am a Document Control Officer and authorized to make this verification for and on behalf of Select Portfolio Servicing, Inc. and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust.

I declare state under penalty of perjury that the foregoing THIRD-PARTY PETITION ASSERTING INTEREST IN FORFEITED PROPERTY is true and correct.

Dated: December 8, 2025

_____
By: Patrick Pittman
Title: Document Control Officer

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2025, I mailed the foregoing document by First-Class U.S. Mail, with postage fully prepaid to:

United States District Court
Clerk of the Court
Eastern District of Michigan
231 W. Lafayette
Detroit, Michigan 48226

United States Attorney
Attn: K. Craig Welkener
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211

**DYKEMA GOSSETT PLLC**

By: */s/ Dawn N. Williams*
Dawn N. Williams (P72399)
*Attorneys for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM13 Trust and Select Portfolio Servicing, Inc.*