UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v

WILLIAM A. SMITH,

                Defendant,

and

MACRAY PROPERTIES II LLC,
DBA MACRAY HARBOR,

                Petitioner(s),

and

U.S. BANK N.A.,

                Petitioner(s).

_____/

Case No.: 2:25-mc-50559
(related to   24-cr-20532)
              24-cv-11626
              25-mc-51245

Hon. Susan K. Declercq

## STIPULATED ORDER REGARDING VESSEL

This Stipulated Agreement ("Agreement") is made and entered into by and between the United States of America ("United States"), by and through the United States Attorney's Office for the Eastern District of Michigan ("USAO"), through its attorneys, K. Craig Welkener and Jessica A. Nathan, Assistant United States Attorneys; and Claimant(s): 1) U.S. Bank, N.A. ("U.S. Bank"), by and through its attorney, Ann Gamboe Hall, of Goldfein & Associates, P.C.; and 2) MacRay Properties II, LLC d/b/a

MacRay Harbor ("MacRay Harbor"), by and through its attorney, Keith C. Jablonski, of O'Reilly Rancilio, P.C. (collectively the "Parties"), regarding the personal property commonly known as , 2021 36' Cruisers 35 Express, and more fully described as:

**2021 36' Cruisers 35 Express, possessing Hull No. CRSEC214B021, Official No. 1318609, "SS DUO"**

(the "Vessel").

WHEREAS, the Parties stipulate and agree the Defendant William Smith ("Defendant") purchased the Vessel in his name on May 21, 2021, subject to U.S. Bank's Preferred Ship Mortgage in the principal amount of $323,173.84.

WHEREAS the Parties stipulate and agree that the Defendant caused the Vessel to be stored with MacRay Harbor from May 11, 2023, to the present, causing an accrual of certain storage and maintenance fees in excess of $30,000.00.

WHEREAS the Parties stipulate and agree that on June 4, 2024, the Defendant was charged by criminal complaint for violating 18 U.S.C. § 1343 (bank fraud) and 18 U.S.C. § 1344 (wire fraud) in *United States v. Smith*, 2:24-mj-30217, ECF No. 1 ("*Smith's Criminal Case*").

WHEREAS the Parties stipulate and agree that on June 22, 2024, the Court imposed a temporary restraining order pursuant to 18 U.S.C. § 1345 to inhibit the movement and dissipation of the Defendant's assets. *See United States v. Smith*, 24-cv-11626, ECF No. 1-10. A Stipulated Preliminary Injunction was entered on January 28, 2025 and continued the freeze of the Defendant's assets. *Id.*, ECF No. 25.

2

WHEREAS the Parties stipulate and agree that on April 7, 2025, a Stipulated Preliminary Order of Forfeiture was entered and forfeited the Defendant's interest in the Vessel to the United States. ECF No. 32.

WHEREAS the Parties stipulate and agree that the Vessel is a rapidly depreciating asset that would likely result in a net loss if subject to government sale due to the accumulation of significant expenses (lapsed payments, accrual of related interest and fees, necessary maintenance, repairs, and storage, etc.).

WHEREAS MacRay Harbor stipulates and agrees to accept a lump sum payment from U.S. Bank of Thirty Thousand Dollars and 00/100 ($30,000.00) in satisfaction of its lien against the Vessel.

WHEREAS the United States stipulates and agrees to provide a (partial) release of lien to facilitate the sale of the Vessel and release its claim to the Vessel as proceeds of *Smith's Criminal Case* with U.S. Bank, N.A.'s agreement that an accounting of the sale shall be provided to the United States, and in the event there are proceeds in excess of the amount owed U.S. Bank, such funds shall be forwarded to the United States within 7 business days.

WHEREAS the Parties are not aware of any other outstanding interests or liens against the Vessel, and the period to bring additional claims has lapsed.

WHEREAS the Claimants and their related entities, agree to unconditionally release and forever discharge the United States, and its agencies, agents, officers and

3

employees, past and present, and any other persons who participated in or assisted in any aspect of the Temporary Restraining Order, Preliminary Injunction or the related investigation (the "Released Parties"), from any and all claims, causes of action, suits, proceedings, judgments, and/or demands in law or equity, which the Claimants and their related entities, and/or their assigns, agents, or successors in interest have or may have against the Released Parties, for, or on account of, the incidents or circumstances related to the Government's identification of the property for forfeiture.

WHEREAS the Parties stipulate and agree that all Parties shall bear their own costs and fees concerning this Agreement, if any. The Parties agree not to claim or seek any fees or costs, including attorney fees, from the United States in connection with this Agreement and knowingly and voluntarily waive any and all claims for attorney fees and costs, whether under the Civil Asset Forfeiture Reform Act of 2000, the Equal Access to Justice Act, or any other statute, rule or regulation.

NOW THEREFORE, due to ongoing expenses, maintenance, and related fees of the Vessel, the Parties do hereby agree it is in their best interests for the Court to enter an order for the following:

1. Claimants shall withdraw their petitions in the ancillary forfeiture proceeding (2:25-mc-50559) and any other relevant proceeding.

2. The United States agrees to release not to pursue forfeiture of the Vessel in connection with the conduct in Case No. 2:24-cr-20532. Specifically, the

4

United States agrees to release and/or remove the Vessel from the forfeiture proceedings and/or forfeiture order. The agreement in this paragraph includes the sums generated by the sale of the Vessel less than the amount owed U.S. Bank.

3. U.S. Bank shall be authorized to recover the Vessel, at its own expense, from MacRay Harbor, and contemporaneously pay MacRay Harbor the sum of $30,000.00 at such time the Vessel is recovered from MacRay's premises by U.S. Bank or its agent in satisfaction of MacRay Harbor's lien against the Vessel. The recovery and contemporaneous payment regarding the Vessel shall be coordinated between the Claimants in good faith at a time and date mutually agreeable by Claimants, but within 30 days of entry of the Order.

4. U.S. Bank shall be authorized to sell the Vessel in its typical manner, and an accounting of the proceeds shall be provided within three business days to the USAO.

5. U.S. Bank agrees to forward any sale proceeds in excess of the delinquent balance owed by Defendant, the $30,000 paid to MacRay Harbor to satisfy its lien and U.S. Bank's typical sale expenses (administrative fees, auction fees, towing and storage fees). Said funds shall be forwarded under the

USAO's instructions for application to the Defendant's forfeiture money judgment and/or restitution.

Agreed as to form and substance:

JEROME F. GORGON, JR.
UNITED STATES ATTORNEY

/s/ *K. Craig Welkener*
K. CRAIG WELKENER
Assistant United States Attorney
Bar No.: (DC 1033585)
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 269-4796
E-mail: kenton.welkener@usdoj.gov

/s/ *Ann Gamboe Hall*
Ann Gamboe Hall
Goldfein & Associates, P.C.
4575 Webb Bridge Road, #2098
Alpharetta, GA 30005-4526
**Counsel for Petitioner U.S. Bank, N.A.**

/s/ *Jessica A. Nathan*
JESSICA A. NATHAN
Assistant United States Attorney
Bar No.: (TX 24090291)
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov

/s/ *Keith C. Jablonski*
Keith C. Jablonski
O'Reilly Rancilio, P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI 48313
**Counsel for Petitioner MacRay Properties II, LLC d/b/a MacRay Harbor**

*********************

**SO ORDERED.**

/s/ *Susan K. DeClercq*
SUSAN K. DECLERCQ
United States District Judge

Dated: April 28, 2026

6