UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,                Case No. 25-mc-50559
                                    Honorable Susan K. DeClercq

vs.

William A. Smith,

                Defendant.

---

### United States' Response to Petitioner's Motion to Seal

---

For the following reasons, the United States asks the Court to partially deny and partially grant the Motion to Seal (ECF 18).   Although sealing the residences claimed by petitioner—and certainly proceeding completely under seal—would violate the legal presumption of public access, Petitioner should be allowed to redact any residential address not sought for forfeiture, and her financial account information.[1]

### Facts

This is a consolidated forfeiture proceeding resulting from a criminal conviction. 25-mc-50559, ECF 15; Fed. Rule Crim. Pro. 32.2(c). The government

---

[1] To honor the fact that this motion is undecided, the litigant seeking to proceed under seal will be called "Petitioner" in this filing.

is seeking to forfeit various properties, including two Detroit properties where Petitioner claims to be a "tenant" (ECF 17, PageID.127).  But notably, the United States does not seek to forfeit the suburban apartment that Petitioner lists as her "Address." *See id*.; ECF 18.

One of the supporting documents for the Petition appears to be a photograph of a check, with Petitioner's financial account numbers visible. 25-mc-50559, ECF 17, PageID.171.

Petitioner submits a one-paragraph motion, asking for her petition (ECF 17) to be sealed, citing public interest in the case, and a desire to avoid having people know where she lives, for the safety of herself and her young children.

## Applicable Law

Federal court cases operate under a "presumption of open judicial proceedings."  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "The burden of overcoming that presumption is borne by the party that seeks to seal them" and "[o]nly the most compelling reasons can justify non-disclosure of judicial records[.]" *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016).  "Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id*. "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306. A party's

"mere assertion of its interest in confidentiality" is not enough.   *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025).   Rather, "the proponents of secrecy must show that 'disclosure will work a clearly defined and serious injury.'" *Id*. (citing *Shane Grp., Inc*).

In *Porter*, the Sixth Circuit identified a non-exhaustive list of factors (the "*Porter* factors") that courts may consider in determining whether "special circumstances" exist to justify an exception to the rule, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981) (internal quotation marks omitted)).   The court can exercise its discretion to also consider other factors that may be relevant in a particular case, with the applicable standard being whether "a plaintiff's privacy interests *substantially* outweigh the presumption of open judicial proceedings." *Id*. (emphasis added); *see also Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

In criminal cases, certain sensitive private information is redacted by rule. Fed. R. Crim. Pro. 49.1(a) (requiring redaction, unless the Court orders otherwise,

of a filing that "contains … a financial-account number, or the home address of an individual," leaving only "the last four digits of the financial-account number; and the city and state of the home address"). However, the "**redaction requirement does not apply to [] a [] real property address that identifies the property allegedly subject to forfeiture in a forfeiture proceeding**."   Fed. R. Crim. Pro. 49.1(b)(1) (emphasis added).   This Court has a special rule governing the process for filing under seal: Local Rule 5.3, which requires the parties to confer in advance and then submit the dispute (if any) to the Court.

## Analysis

Applying this law to Petitioner's Motion to Seal yields a relatively simple result: property allegedly subject to forfeiture cannot be litigated under seal, but Petitioner's listed address—as it is not the property at issue—and her financial account information can be redacted. Fed. R. Crim. Pro. 49.1(b)(1).

Merely having the public know where Petitioner lives—a fact obscured by her claiming two properties as a tenant and listing a third address as her own—does not constitute the "clearly defined and serious injury" that the law requires. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025).   Congress has already addressed this balancing act clearly: by allowing home addresses to be redacted in criminal cases *unless* it is property allegedly subject to forfeiture. Fed. R. Crim. Pro. 49.1.

4

The reason is obvious. Proceeding entirely under seal—or concealing the specific properties that Petitioner is claiming—would be completely unworkable. Multiple petitioners are claiming the same properties, and the interests of the United States, banks, tenants, and crime victims will all be impacted by this forfeiture proceeding. They cannot proceed—either in litigation or settlement discussions—without knowing Petitioner's claims.   As Petitioner points out, public interest is high as well.

On the other side of the balance, the risk to Petitioner and her children is only speculative. Thus, the Court cannot find that "privacy interests *substantially* outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

The United States is unaware of any case granting the relief Petitioner is seeking—to litigate a petition in a forfeiture case under seal, or even with the claimed property address under seal.

## Conclusion

For these reasons, the United States asks the Court to deny the Motion in part, but grant it insofar as Petitioner may re-submit a version of her Petition (ECF 17) and Motion to Seal (ECF 18) that redacts her residential address *not* subject to forfeiture, and her financial account numbers.   With these limited redactions to

comply with the law, ECF 17 and 18 can be replaced by the Court Clerk with redacted but otherwise unsealed filings.[2]

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

S/K. Craig Welkener
K. Craig Welkener (P89399)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0248
Kenton.Welkener@usdoj.gov

Dated: June 23, 2026

### Certificate of Service

I hereby certify that on June 23, 2026, the foregoing document was electronically filed using the ECF system which will send notification of such filing to all ECF participants, and will be emailed to Petitioner at her listed email address.

S/K. Craig Welkener
K. Craig Welkener (P89399)
Assistant United States Attorney

---

[2] The re-submission (after any Reply brief from Petitioner and the Court's ruling) should be pursuant to the process laid out in Local Rule 5.3.

6