UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 2:25-mc-50559

v.                                    Honorable Susan K. DeClercq
                                           United States District Judge

WILLIAM A. SMITH,

       Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART NAILAH ELLIS'S MOTION TO SEAL (ECF No. 18) AND DIRECTING ELLIS TO RE-FILE HER PETITION UNSEALED BUT WITH REDACTIONS (ECF No. 17)**

In this ancillary proceeding, third-party claimant Nailah Ellis seeks to litigate under seal her interests in property subject to forfeiture. To the extent that Ellis wants her personal and financial information protected, this Court will grant her request by directing her to re-file her petition with the appropriate redactions. But because the Federal Rules of Criminal Procedure and guidelines pertaining to sealing do not allow forfeiture litigation to proceed entirely under seal, this Court will deny her request to keep the entire proceedings sealed.

## I. BACKGROUND

In September 2024, Plaintiff United States of America ("the Government") brought criminal charges and forfeiture allegations against Defendant William A.

Smith. *United States v. Smith*, No. 2:24-cr-20532 (hereafter "*Smith Criminal Case*"), ECF No. 14. In November 2024, Smith pleaded guilty to one count of wire fraud and one count of money laundering through a Rule 11 plea agreement that also included an agreement to pay restitution and forfeit assets to satisfy a money judgment. *Smith Criminal Case*, ECF No. 22.

In April 2025, this Court entered a stipulated preliminary order of forfeiture outlining Smith's forfeited assets, which included rental properties in Detroit, Michigan at "16500 Biltmore" and "16700 Biltmore" (the "Biltmore Properties") and property in Cyprus, Texas (the "Texas Property").[1] *Smith Criminal Case*, ECF No. 32 at PageID.403–04. Smith fully forfeited these assets in May 2025 when this Court entered judgment against him and incorporated the forfeiture order into the judgment. *Smith Criminal Case*, ECF No. 36.

Since this Court entered judgment, the Government has begun ancillary forfeiture proceedings in a consolidated matter. *See* ECF No. 15 (consolidating ancillary proceedings for forfeiture matters relating to the *Smith Criminal Case* under Case No. 2:25-mc-50559). In these consolidated proceedings, third-party claimant Ellis filed a petition under seal on September 16, 2025, asserting an interest

---

[1] There are other rental properties at "16510 Biltmore," "16511 Biltmore," "16527 Biltmore," "16551 Biltmore," not implicated in the present motion and therefore not contemplated in the discussion of the "Biltmore Properties" in this Order. *See Smith Criminal Case*, ECF No. 36 at PageID.403–04.

in "Defendant's Texas property" and the Biltmore Properties by way of "Residential Lease Agreements with [Defendant] William Smith." ECF No. 17 at PageID.127–29, 153, 164–65, 167, 173. (sealed). Attached to the petition is an image of a check depicting Ellis's banking information. ECF No. 17 at PageID.171 (sealed).

Ellis also filed a one-paragraph motion to seal, stating that she does not "want people to know where" she and her two daughters live, citing the high-profile nature of the case and concern for her family's safety. ECF No. 18 at PageID.178 (sealed). At the direction of this Court, the Government responded to the motion, stating that Ellis's personal and financial information can be redacted but that the entire matter cannot be litigated under seal because it concerns real property subject to forfeiture. ECF No. 29 at PageID.302–03. This Court has determined that a hearing on the motion is not necessary and will decide it on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

A motion to seal items not authorized by statute or rule is beholden to Local Rule 5.3(b), which applies to civil and criminal matters. *See* E.D. Mich. LCrR 1.1; E.D. Mich. LR 1.1(c). "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). A "mere assertion of [] interest in confidentiality" is insufficient because the

presumption of access may be overcome only with a showing that disclosure would cause "a clearly defined a serious injury." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (cleaned up). When determining whether to seal records, courts must consider "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306.

### III. DISCUSSION

First and foremost, Ellis's motion to seal does not conform with the requirements under the Local Rules. *See* E.D. Mich. LR 5.4(b) (listing six components needed for a motion to seal). However, because Ellis is proceeding *pro se*, this Court will overlook these procedural deficiencies. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers").

Next, considering the relevant factors, Ellis has established a compelling reason to keep her personal and financial information under seal given the potential for serious injury to her safety and the lack of any public interest in this information. *See Grae*, 134 F.4th at 932; *see also Goodman v. J.P. Morgan Inv. Mgmt., Inc.*, 301 F. Supp. 3d 759, 784 (S.D. Ohio 2018) ("Courts have recognized the strong interest in keeping personal financial records from public view."); *Elmy v. W. Express, Inc.*, No. 3:17-cv-01199, 2021 WL 6496857, at *2 (M.D. Tenn. Sept. 1, 2021) (finding a

seal appropriate for "the personal financial information of [the] individual Plaintiffs and other personal identifying information"). Having the specific information about her personal residence address and banking information under seal is also narrowly tailored. *See Shane Grp.*, 825 F.3d at 306. Therefore, this Court will grant Ellis's motion to the extent that she seeks to have her personal home address[2] and financial information kept under seal by allowing Ellis to re-file her petition with redactions of this information. *See* E.D. Mich. LR 5.3(b)(3)(A)(v); *see also* FED. R. CRIM. P. 49.1(a) (allowing a party to redact portions of a party's birthdate, social security number, financial account number, and home address); FED. R. CRIM. P. 49.1(d) (authorizing the court to "order the person who made the filing [under seal] to file a redacted version for the public record").

But sealing the entire proceedings is not narrowly tailored nor justified in light of the public's compelling interest in these proceedings. *See Shane Grp.*, 825 F.3d at 306. And in fact, under Criminal Rule 49.1(b), redacting information to protect one's privacy does not apply to a "real property address that identifies the property allegedly subject to forfeiture in a forfeiture proceeding." FED. R. CRIM. P. 49.1(b)(1). Given that the Biltmore Properties and the Texas Property are the subject

---

[2] Although Ellis states that she is a tenant at the Biltmore Properties, she lists a different address for her personal contact information. *See* ECF No. 17 at PageID.127 (sealed). Accordingly, Ellis can redact the address listed for her personal contact information, but she cannot redact the addresses of the Biltmore Properties. *See* FED. R. CRIM. P. 49.1(b).

of forfeiture proceedings, their addresses cannot be sealed. *See id.* Therefore, this Court will deny Ellis's motion to the extent she seeks to litigate her claim fully under seal. *See id.*; *see also Shane Grp.*, 825 F.3d at 306 (requiring a seal to be no broader than necessary).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Claimant Nailah Ellis's Motion to Seal, ECF No. 21, is **GRANTED IN PART AND DENIED IN PART**.

To that end, Ellis is **DIRECTED TO RE-FILE** her Petition, ECF No. 17, **unsealed but with redactions of her personal and financial information.**

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 4, 2026

- 6 -