UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM A. SMITH,

Defendant.
_______________________________/

Case No. 2:25-mc-50559

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING CLAIMANT NAILAH ELLIS'S MOTION TO REFER MATTER TO MAGISTRATE JUDGE FOR SETTLEMENT CONFERENCE (ECF No. 34) AND REFERRING MATTER TO MAGISTRATE JUDGE**

In 2025, this Court entered judgment and a preliminary order of forfeiture against criminal Defendant William A. Smith. *United States v. Smith*, No. 2:24-cr-20532 (hereafter "*Smith Criminal Case*"), ECF Nos. 32; 36. Since this Court entered judgment, ancillary forfeiture proceedings have begun in this consolidated matter. *See* ECF No. 15 (consolidating ancillary proceedings for forfeiture matters relating to the *Smith Criminal Case*).

In these consolidated proceedings, third-party claimant Nailah Ellis, proceeding *pro se*, asserts interests in several rental properties in Detroit, Michigan, and Cyprus, Texas that Smith forfeited. ECF No. 31 at PageID.314–16; *see Smith Criminal Case*, ECF No. 32 at PageID.260–61, 264. In August 2026, Ellis filed a petition for an ancillary hearing to have her tenancy rights recognized and her

"equitable purchaser interests" adjudicated. ECF No. 31 at PageID.312. Then on October 14, 2026,[1] Ellis filed a motion requesting that her "pending ancillary forfeiture dispute" be referred to a magistrate judge for a settlement conference. ECF No. 34 at PageID.388. In that motion, Ellis states that the Government expressly concurred in writing with her request.[2] *Id.* at PageID.388–89.

"Alternative dispute resolution procedures, including facilitative mediation, are authorized in all civil actions in this district under 28 U.S.C. § 651(b)." *Martin v. Trott L., P.C.*, No. 15-12838, 2017 WL 9325350, at *1 (E.D. Mich. Dec. 21, 2017) (internal quotation marks and citation omitted). Under Local Rule 16.6, this Court "may order a settlement conference to be held before . . . a magistrate judge." E.D.

---

[1] This Court finds that Ellis's motion is timely. The facilitation/mediation deadline for the Parties to mediate with a magistrate judge was set for October 20, 2026, "to the extent settlement negotiations [are] not concluded." ECF No. 13 at PageID.113. So to the extent she seeks a settlement conference, those negotiations are not encompassed by the deadline. And to the extent she seeks mediation, which is beholden to this deadline, she filed before that deadline and this Court can extend it so the Parties can mediate. *See Am. C.L. Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010) (holding that district courts can waive or extend deadlines because they have "broad discretion to manage [their] docket[s]").

[2] Ellis states that "[i]n an email dated October 2, 2026, Assistant United States Attorney K. Craig Weklener expressly agreed to proceed with mediation, stating: 'We are happy to proceed with mediation.'" ECF No. 34 at PageID.388. Referring matters to magistrate judges for settlement conferences invokes Local Rule 16.6, whereas referring for facilitated mediation involves Local Rule 16.4. But given that Ellis uses this language interchangeably, this Court will grant her motion and will expressly permit the Parties to engage in facilitated mediation or settlement before the magistrate judge, as both are fundamentally aimed at reaching an alternative dispute resolution.

Mich. LR 16.6. Similarly, this Court may assign a case to mediation before a magistrate judge if, "after consultation with counsel or the parties, [this Court] is satisfied that the selection of mediation will assist in the resolution of the case." E.D. Mich. LR 16.4(a)(2), (c).

Here, the Parties have consented to having a settlement conference facilitated by a magistrate judge. *See* ECF No. 34 at PageID.388–89. And this Court finds that doing so will assist in the resolution of the case, given the preliminary settlement discussions the Parties have previously mentioned. *See id.* at PageID.388; *see also* ECF No. 31 at PageID.333–54; E.D. Mich. LR 16.4, 16.6. There is no designated magistrate judge for the consolidated ancillary proceedings. But Magistrate Judge Elizabeth A. Stafford is assigned to the *Smith Criminal Case*, so this Court will grant Ellis's motion and refer the matter to Magistrate Judge Stafford.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Claimant Nailah Ellis's Motion to Refer Matter to Magistrate Judge for Settlement Conference, ECF No. 34, is **GRANTED**.

It is further **ORDERED** that the case is **REFERRED** to Magistrate Judge Elizabeth A. Stafford for mediation and settlement discussions.

It is further **ORDERED** that the Parties must proceed in compliance with the Local Rules. If a settlement is reached, the Parties must **NOTIFY** the Court promptly and **SUBMIT** a proposed, stipulated order of dismissal with Ellis's wet

ink signature within 21 days. If settlement is not reached, the Parties must **NOTIFY** the Court within seven days of the completion of mediation.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 19, 2026